UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Case No. _____

| | |
|---|---|
| Debra Munford, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| Starting Point of Florence, Inc., ) | |
| Crossroads Treatment Centers ) | |
| d/b/a Starting Point of Florence, Inc. ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

This action is brought to remedy discrimination and retaliation on the basis of race and sex in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). This Court has jurisdiction of this matter under 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

The Plaintiff would show unto this Honorable Court as follows:

1.  Plaintiff is a female citizen of the United States and a resident of Florence County, South Carolina.

2.  Plaintiff is informed and believes that Defendant, Starting Point of Florence, Inc., is a corporation organized in South Carolina, operating an opiate addiction treatment center in Florence, State of South Carolina, at 1341 N Cashua Drive, Florence, South Carolina.

1

3. Plaintiff is informed and believes that Defendant, Crossroads Treatment Centers d/b/a Starting Point of Florence, Inc., is a corporation operating in South Carolina, that also has ownership and authority over the opiate addiction treatment center in Florence, State of South Carolina, at 1341 N Cashua Drive, Florence, South Carolina.

4. Defendants are employers within the meaning of 42 U.S.C. § 2000e-(b).

5. On or about November 16, 2016, the Equal Employment Opportunity Commission issued Plaintiff a notice informing her of her right to sue Defendant regarding EEOC Charge No. 14C-2016-00742.

6. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII and filed a timely charge of race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of her Notice of Right to Sue.

7. Plaintiff was employed with Defendant Starting Point, most recently as Assistant Director/Clinical Counselor, from November 16, 2009 to May 13, 2016.

8. Throughout the course of her employment, Plaintiff was treated differently on the basis of race, gender and retaliation in the terms, privileges and conditions of employment in ways which include but are not limited to the following:

    a. Plaintiff was subjected to intimidation and disparate terms and conditions of employment from about 11/1/15 to 5/13/16 when her supervised hours were not properly recorded by her Caucasian clinical supervisor, when the

        supervisor recorded other caucasian employees hours correctly and when Plaintiff was discouraged from pursuing her substance abuse certification.

    b.    Plaintiff's authority as assistant program director was undermined when she was given a title without power, when she was given a heavier clinical workload, when she was held to a higher standard of performance and when she was subjected to verbal abuse from the Caucasian director.

    c.    Plaintiff was denied equal wages when she had a heavier workload during the time period of November 1, 2015 to May 13, 2016, but Plaintiff was paid less than other Caucasian supervisors.

    d.    Plaintiff was disciplined in an unequal manner when she conducted herself as an Assistant Director and was then accused of ambushing subordinates and disciplined. Plaintiff believes disciplinary action was taken against her to further intimidate her and adversely affect her employment because of her race and gender and in retaliation for complaints.

    e.    Plaintiff was further subjected to harassment until she was constructively discharged on or about May 13, 2016; and even after submitting resignation, Plaintiff was continually harassed by her clinical supervisor.

9.    On various dates and occasions, Plaintiff was limited and/or segregated, in a way which deprived or tended to deprive her of employment opportunities, or otherwise adversely affect her status as an employee, because of her race and sex and retaliation, including and not limited to, those referenced above.

10. Plaintiff has observed and is informed that Defendant engages in a pattern or practice of exercising extra scrutiny and harsher discipline of African American employees, while Caucasian employees were allowed to deviate from or violate policies and procedures without consequence.

11. As a result of the acts of discrimination within Defendant's employment practices and work environment, Plaintiff has suffered loss of employment, compensatory damage, emotional harm, as well as harm to her reputation.

12. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and/or reckless indifference to Plaintiff's protected civil rights

13. Defendant's facially neutral policies and procedures were applied in a manner which had a disparate impact on Plaintiff and other African Americans similarly situated.

## COUNT I

### (TITLE VII VIOLATION)

14. The foregoing actions of Defendant discriminated against Plaintiff because of her race and gender and in retaliation for her complaints all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

15. Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Award Plaintiff, under Title VII reinstatement, back pay and other compensatory and punitive damages in an amount to be determined by a jury;

B. Award Plaintiff, under 42, U.S.C. § 2000e-5(k), reasonable attorney fees and costs of this action; and,

C. Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:     s/   Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No.  9888
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
February 6, 2017.                            Fax:    (843) 669-5150